IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TRENIECE MAREA PARKER**                                        **PLAINTIFF**

v.                                                            **CAUSE NO. 1:17-cv-177-LG-MTP**

**DARRYL GLEN MCCOY, SR., et al.**                           **DEFENDANTS**

### ORDER OF DISMISSAL AND CAUTION TO PLAINTIFF ABOUT FILING REPETITIVE, FRIVOLOUS LAWSUITS

This cause is before the Court *sua sponte* for evaluating whether Plaintiff Treniece Marea Parker's claims in her [5] Amended Complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Having considered the record and applicable law, the Court is of the opinion that this action should be dismissed for failure to state a claim on which relief may be granted and for frivolousness. The Court warns Plaintiff that repetitive, frivolous filings will not be tolerated.

### BACKGROUND

Plaintiff Parker brought this purported civil rights action against multiple defendants on June 16, 2017. After granting Plaintiff's request to proceed *in forma pauperis*, United States Magistrate Judge Michael T. Parker screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)[1] and thereafter recommended to this Court "that the Court dismiss with prejudice Plaintiff's federal claims pursuant to 28 U.S.C. § 1915(e)(2), decline exercising supplemental jurisdiction over Plaintiff's state-law claims, and dismiss the state-law claims without prejudice." (Rep. & Rec.

---

[1] As correctly noted by Judge Parker, this section applies equally to prisoners and non-prisoners alike who are proceeding IFP.

4, ECF No. 4). Instead of timely responding to the Report and Recommendation, Plaintiff filed an Amended Complaint, including adding numerous Defendants to this lawsuit.

In her original [1] Complaint, Plaintiff alleged that Defendant Darryl McCoy should have been prosecuted, convicted, and sentenced for a "hit and run", but was not. From what the Court can discern, Plaintiff's Amended Complaint – and the more than one hundred pages of unlabeled exhibits attached thereto – does little to clarify or expand Plaintiff's allegations. Instead, Plaintiff states: "Amended Complaint to emphasis the arbitrations and reparations needed against Darryl Glen McCoy, Sr.'s Racketeering Influenced and Corrupt Organizations Invasions and Infictrations [*sic*]." (Am. Compl. 1, ECF No. 5).

In addition to McCoy, Plaintiff has named over fifty individuals and entities as defendants, including the FBI; Biloxi Municipal Court; Harrison County, Mississippi; Harrison County Sheriff's Department; Biloxi Chief of Police; Gulfport Chief of Police; District Attorney Joel Smith; District Attorney's Office 1st and 2nd Judicial District; Courthouse of Harrison County; Biloxi Police Department; Gulfport Police Department; Ann Beavers; Joan Marea Barkum; Edward Joseph Barkum; Michael Ray Barkum; Yancy Parker; Nathaniel Taylor Barkum; Edward Joseph Barkum; Michael Ray Barkum; Robert Fant Walker; City of Gulfport; City of Biloxi; Win Job Centers; Calvin William; James C. Steele; City of Gulfport Prosecutor Richard Smith; City of Biloxi Prosecutor; Gulfport Municipal Court; Masons; Eastern Stars; Stan, McDonald's General Manager–Creosote Store;

Schular Properties; Matt, Schular Properties Security Guard; Memorial Hospital at Gulfport; DoubleTree Hotel; Sonja, Front Desk at DoubleTree; Gulf Coast Women's Center for Non-Violence; Hancock Bank; Debra Burrell, Darryl McCoy's Inlaw and Lead Usher - Hancock Bank Employee; WLOX; Edgewater Mall; Terry Powell, General Manager Edgewater Mall; Tyrus Barnes; Garry William Sullivan; Danelle McClellan; Christine Walker; Lorraine Garner; Chapel UMC; Merit Health; Joe, Security at Garden Park Medical Center; Dr. Leepeeples; Fresh Fire Ministries–Tyrus Barnes Ministries; St. John A.M.E. Church; Mercy Seat Church; Mount Pleasant United Methodist Church; Arstce Taylor, Jason Taylor's Father; Jason Taylor's Mother; Darryl McCoy's Father; Jason Taylor; Faith Baptist Church; Bobbie Brown; Wilmer Dedeaux; the Economy of Hwy 49; the Economy of Cowan Lorraine Rd.; Balch and Bingham; and Marie Bond of Balch and Bingham. Nevertheless, Plaintiff's factual allegations do not provide a connection to, or even reference, the vast majority of these Defendants.

## DISCUSSION

In considering whether a plaintiff has stated a claim on which relief may be granted, the Court "'accept[s] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015) (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Bosarge*, 796 F.3d at 439 (citation and quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (citation, quotation marks, and brackets omitted).

The Court has screened the Amended Complaint and is of the opinion that Plaintiff has not stated any federal claim on which relief may be granted, and, further, that the Amended Complaint is frivolous. Plaintiff states that the basis for the Court's jurisdiction is federal question. However, to the extent Plaintiff wants Defendant McCoy to be prosecuted for the alleged "hit and run", a plaintiff does not have a constitutional or other federal right to have an individual criminally prosecuted. *See, e.g. Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990); *Green v. Revel*, 413 F. App'x 698, 700 (5th Cir. 2011); *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010). Even where an official has the authority to decide whether or not to pursue criminal charges, the decision to file or not to file those charges does not give rise to federal civil liability. *See Oliver v. Collins*, 904 F.3d 278, 281 (5th Cir. 1990); *see also Lewis*, 368 F. App'x at 614 ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion,

4

and private citizens do not have a constitutional right to compel criminal prosecution."). Thus, even assuming one or more of the Defendants had the authority to prosecute McCoy, a decision not to do so would not be actionable here.

Moreover, if Plaintiff is complaining about the actions of state court judges or prosecutors, those individuals are immune from suit. *See, e.g.*, *Krueger v. Reimer*, 66 F.3d 75, 77 (5th Cir. 1995); *Oliver*, 904 F.2d at 281; *Johnson v. Kegans*, 870 F.2d 992, 995-96 (5th Cir. 1989); *Quinn v. Roach*, 326 F. App'x 280, 292-93 (5th Cir. 2009); *Workman v. Calogero*, 174 F. App'x 824, 826 (5th Cir. 2006); *Sanders v. U.S. Justice Court of Sunflower Cty.*, 35 F. App'x 387, 387 (5th Cir. 2002). And, Plaintiff's vague reference to RICO is woefully insufficient to state a valid RICO claim.

Notably, as discussed above, Plaintiff fails to state *any* factual allegations against most of the Defendants. The Court finds that Plaintiff has failed to state a claim and also that both her Complaint and Amended Complaint constitute frivolous filings. *See, e.g.*, *Krueger*, 66 F.3d at 77; *Lewis*, 368 F. App'x at 614-15; *Sanders*, 35 F. App'x at 387. Indeed, the Court is of the opinion that Plaintiff's filings not only are frivolous, but also are delusional.[2]

Finally, and as recognized by Judge Parker, "[t]o the extent Plaintiff seeks to assert claims against McCoy arising from the hit-and-run, those claims are

---

[2]This plaintiff has been observed by court and security personnel loitering in and about the courthouse for hours on end and has been found sleeping on the courtroom foyer benches.

5

governed by state tort law." (Rep. & Rec. 4, ECF No. 4). Because the Court is of the opinion that no federal claim has been stated, the Court will exercise its broad discretion to decline to exercise supplemental jurisdiction over any purported state-law claim and will dismiss any such claim without prejudice. *See* 28 U.S.C. § 1367(c)(3).

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's federal claims are **DISMISSED WITH PREJUDICE**. The Court declines to exercise supplemental jurisdiction over any remaining state-law claims, and those claims are **DISMISSED WITHOUT PREJUDICE**. A separate judgment will be entered.

**THE COURT SPECIFICALLY CAUTIONS PLAINTIFF THAT IT MAY IMPOSE SANCTIONS UPON A FINDING THAT AN INDIVIDUAL HAS FILED REPETITIVE, FRIVOLOUS LAWSUITS, INCLUDING REFUSING TO ALLOW THE INDIVIDUAL TO FILE ADDITIONAL *PRO SE* COMPLAINTS WITHOUT FIRST OBTAINING LEAVE OF COURT TO DO SO. *SEE TRIBBIT V. WARD*, 81 F.3D 156, 156 (5TH CIR. 1996). PLAINTIFF SHOULD NOT FILE ANY LAWSUIT IN THIS COURT BASED ON THESE SAME FACTS AND SHOULD ALSO NOT FILE ANY ADDITIONAL FRIVOLOUS LAWSUITS. THE COURT WILL NOT HESITATE TO INSTITUTE SANCTIONS IF IT FINDS THAT PLAINTIFF HAS ABUSED PROCESS IN FILING FUTURE LAWSUITS.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk should mail a copy of this Order to Plaintiff at the address provided and also hand-deliver a copy to Plaintiff if she appears at the Clerk's Office.

**SO ORDERED AND ADJUDGED** this the 14th day of August, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE